ARMSTRONG, Judge.
Relator, State of Louisiana through the Department of Social Services, Office of Community Services seeks review of the trial court’s denial of its motion to modify the disposition as to G.P.
The record reflects that on April 11, 1989, G.P. and his three brothers were adjudicated as children in need of care pursuant to LSA-R.S. 14:403 et seq. (now LSA-Ch. C. article 601 et seq.). The children were placed in the custody of the State of Louisiana, Department of Health and Human Resources, Office of Community Services. On November 1, 1992, G.P. became eighteen years old. At a review hearing on February 17, 1993, the relator asked the trial court to close the proceeding as to G.P. only as he had reached the age of majority. The court’s disposition order from that hearing did not close the case as to G.P. On March 2,1993, the relator filed its motion to modify disposition, or in the alternative, for a rehearing. The trial court set the motion for hearing on May 26, 1993. After a hearing on the matter, the trial court denied relator’s motion and refused to close the case as to G.P. as the “State has been negligent in keeping up with his [G.P.] whereabouts.
Article 601 et seq. of the Children’s Code provides for the determination of children in need of care. Article 603 defines child as “a person under eighteen years of age who, prior to juvenile proceedings, has not been judicially emancipated under Civil Code article 385 or emancipated by marriage under Civil Code articles 379 through 384.” Article 686 of the Children’s Code provides that “a judgment of disposition shall remain in force only until a child reaches his eighteenth birthday. It may expire earlier by its own terms, if it is modified, or if it is vacated.”
The Children’s Code, thus, clearly mandates that a disposition that a child is in need of care is to terminate once the person reaches the age of eighteen. The prior statutes on which the new Children’s Code is based also supports this finding. The source provision for Children’s Code article 686 was former Code of Juvenile Procedure article 89(F)(2) which provided that “in cases of children in need of supervision or care, a judgment of disposition shall not *791 remain in force after a child reaches his eighteenth birthday.” In addition, prior to the 1992 amendment, R.S. 14:403(B)(2), which dealt with the adjudication of children in need of care, defined a child as “any individual under the age of eighteen years.”
As G.P. reached the age of eighteen on November 1, 1992, the judgment of disposition finding him to be a child in need of care should have been terminated.
Accordingly, the trial court judgment denying relator’s motion to modify disposition as to G.P. is reversed and the motion is granted. The trial court is hereby ordered to enter a judgment terminating the disposition of a child in need of care as to G.P.

WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; MOTION TO MODIFY THE DISPOSITION AS TO G.P. GRANTED.